**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| | : | **Case No.: 26-14140** |
| **BELL BUSINESS DEVELOPMENT, LLC.,** | : | |
| | : | |
| | : | |
| **Debtor** | : | |

## AMENDED DECLARATION OF COUNSEL UNDER RULE 2016(b)

I, Ellen M. McDowell, declare that I am a member of the law firm of McDowell Law, PC (the "Firm"); that I make this Declaration on behalf of such Firm; that the only compensation previously paid to McDowell Law, PC on account of services to be rendered in connection with this case is set forth below; that the services of McDowell Law, PC are to be rendered at the normal hourly rates of the attorneys in the Firm for non-contingent Chapter 11 bankruptcy matters; that the undersigned has not shared or agreed to share such compensation with any other person, except a member or regular associate of the Firm; that the undersigned has not paid or agreed to pay any sum to any other such person as a referral fee, or for advising or assisting in the filing of the petition; and that, to the best of my knowledge, information and belief, the Firm represents no interest materially adverse to the Debtor with respect to the matters upon which the Firm is or will be engaged and that the Firm is a disinterested person as set forth in Sections 101(14) and 327 of the Bankruptcy Code.

Matters Relating to Disinterestedness

Section 327 of the Bankruptcy Code prohibits the Debtor from employing professional persons who hold or represent an interest adverse to the estate or are not "disinterested persons." However, Section 327(c) provides that in a Chapter 11 proceeding, a person is not disqualified

for employment solely because of the representation of a creditor unless there is an objection by another creditor or by the United States Trustee. If an objection is made, the court may decline to approve the employment if it determines that there is an actual conflict of interest.

In this regard, we note the following: (1) we are unaware of any past or current representation of a creditor of the Debtor or party-in-interest in this case; and (2) if we become aware of any conflict of interest or potential conflict of interest, an immediate notice to the Bankruptcy Court will be filed.

At the time of filing, the Debtor had balances owing to numerous credit card companies and vendors. To the best of my knowledge, we have not represented any of these creditors in connection with their relationship to the Debtor, and we will not represent any of them in connection with this case.

Matters Relating to Compensation

The Firm intends to apply for compensation for professional services rendered subject to approval of this Court, in compliance with the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Rules, on an hourly basis, plus reimbursement of actual common necessary expenses and other charges incurred by the Firm. The principal attorney designated to represent the Debtor and her current, standard hourly rate is as follows:

Ellen M. McDowell $500

The hourly rate set forth above is subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters described herein.

The total compensation promised by the Debtor for the services rendered or to be

rendered in connection with this case is the normal hourly rate of the Firm for such corporate legal services provided, plus reimbursement for all expenses.

The hourly rate set forth above is the Firm's standard hourly rates for work of this nature. The rate is set at a level designed to compensate the Firm fairly for the work of attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. Expenses charged to clients include, among other things, telephone, telecopier and related charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research and transaction costs. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

Payments Made by Debtor Pre-petition

On August 17, 2026, the Debtor gave the Firm a retainer of $16,738.00 in preparation for filing the Chapter 11 bankruptcy. The Firm used $3,250.00 of that sum for pre-bankruptcy services, including advising the Debtor concerning its obligations under Chapter 11, preparing the bankruptcy petition and schedules and the Firm's retention application, and providing other advice concerning the bankruptcy process. The Firm also used $1,738 of that amount to pay the Court's filing fee, leaving $11,750.00 in the Debtor's retainer account. See chart attached as Exhibit "A" for a breakdown of these sums.

Concluding Certifications

Based upon the information available to me I believe that the Firm holds no interest materially adverse to the Debtor or its estate as to matters upon which the Firm is to be employed.

No promises have been received by the Firm, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein. The Firm has not shared nor agreed to share any compensation it has received or may receive with another party or person, other than with the members and associates of the Firm.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Respectfully submitted,

McDOWELL LAW, PC

Dated: October 3, 2026

*s/Ellen M. McDowell*
Ellen M. McDowell

A member of the Firm